UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARLOS PEREZ,

                Plaintiff,

      -against-                              9:10-CV-0518 (LEK/CFH)

D. KEYSOR, Deputy Superintendent of
Administration, Clinton Correctional
Facility; D. HOLDRIDGE, Captain,
Clinton Correctional Facility; MILLER,
Lieutenant, Clinton Correctional Facility;
R. FURNIA, Sergeant, Clinton Correctional
Facility; K. RABIDEAU, Clinton
Correctional Facility; D. DUQUETTE,
Clinton Correctional Facility; S.
TOUSIGNANT, Clinton Correctional
Facility; ST. LOUIS, Clinton Correctional
Facility; MUSSEN, Clinton Correctional
Facility,

                Defendants.

_____

**DECISION and ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on July 25, 2013, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Northern District of New York. Dkt. No. 99 ("Report-Recommendation"). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Carlos Perez ("Plaintiff"), which were filed on August 7, 2013. Dkt. No. 101 ("Plaintiff's Objections"). Defendants filed Objections on August 6, 2013. Dkt. No. 100 ("Defendants' Objections"). For the following reasons, the Court approves and adopts the Report-Recommendation in its entirety.

## II. BACKGROUND

### A. Procedural History

On May 3, 2010, Plaintiff filed his *pro se* Complaint against Defendants Brian Fischer, Lucien LeClaire, Jr., Dale Artus, S. Racette, D. Keysor, D. Holdrige, Miller, R. Furnia, K. Rabideau, D. Duquette, S. Tousignant, St. Louis, Mussen and six John/Jane Doe Defendants (collectively, "Defendants") alleging that they violated his constitutional rights. Dkt. No. 1 ("Complaint"). On August 8, 2011, Defendants filed a pre-answer Motion for summary judgment. Dkt. No. 40. On March 30, 2012, the Court, on the basis of a Report-Recommendation, granted Defendants' Motion for summary judgment as to Defendants Fischer, Artus, LeClaire, and Racette and terminated them from the action. Dkt. Nos. 48, 51. Furthermore, Plaintiff's claims of conspiracy against Defendants Keysor and Miller and Plaintiff's First Amendment access-to-courts and Sixth Amendment claims were against all other Defendants were denied. Dkt. Nos. 48, 51. The six John/Jane Doe Defendants were dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). Dkt. Nos. 48, 51.

On December 12, 2012, Defendants moved for summary judgment as to the remaining claims: (1) excessive use of force by Defendants Duqutte, Rabideau, St. Louis, Tousignant and Furnial; (2) medical indifference by Defendants Tousignant and Furnia; (3) retaliation by Defendants Duquette and Mussen; (4) failure to protect by Defendant Holdridge; and (5) violation of due process by Defendants Miller and Keysor. Dkt. No. 77. Judge Hummel recommends that Defendants' Motion for summary judgment be granted as to all claims against all Defendants except: (1) Plaintiff's Eighth Amendment excessive-force claim against Defendants Rabideau, Duquette, St. Louis, Furnia, and Tousignant; and (2) Plaintiff's Eighth Amendment medical-indifference claim against Defendants Furnia and Tousignant. Defendants' Objections were filed on August 6, 2013,

followed by Plaintiff's Objections on August 7, 2013.

### B. Factual Background

The Court presumes the parties' familiarity with the facts underlying this case. For a statement of the facts, reference is made to the Report-Recommendation.

## III. LEGAL STANDARDS

### A. Objections to a Report-Recommendation

A district court must review *de novo* any objected-to portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). A district court also "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

**B. Summary Judgment**

Federal Rule of Civil Procedure 56(a) instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in ruling on a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994)

## IV. DISCUSSION

### A. Defendants' Objections

Defendants object to Judge Hummel's recommendation that their Motion for summary judgment on Plaintiff's Eighth Amendment excessive-force claim be denied. Specifically, Defendants contend that Judge Hummel erroneously addressed only Defendants' *de minimis* injury argument and overlooked their argument based on the Second Circuit's holding in Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005). Defendants also object to Judge Hummel's recommendation that the Court deny their Motion for summary judgment on Plaintiff's medical-indifference claim against Defendants Furnia and Tousignant.

*1. Eighth Amendment Claim*

Plaintiff contends that Defendants assaulted him on two separate occasions on February 3, 2009, and that he sustained injuries to his back, legs, arms, head, and face in the first assault and was rendered unconscious in the second assault. Report-Rec. at 6-7. Defendants object that the Report-Recommendation overlooked their argument that the medical evidence did not substantiate Plaintiff's claim and therefore no rational factfinder could credit Plaintiff's allegations. See Defs.' Objs. (citing Jeffreys, 426 F.3d 529).

Defendants' argument was presented to Judge Hummel and addressed in the Report-Recommendation. See Report-Rec. at 27 ("Even though medical records do not confirm the injuries which Perez contends to have incurred, any or no injuries resulting from the events as described by Perez could represent a *per se* constitutional violation." (citing Baskerville v. Mulvaney, 411 F.3d 45, 48-49 (2d Cir. 2005))); id. at 26 ("'[T]he malicious use of force to cause harm constitute[s] [an] Eighth Amendment violation *per se*' regardless of the seriousness of the injuries." (quoting Blyden v.

Mancusi, 186 F.3d 252, 262 (2d Cir. 1999) (alterations in original)). Accordingly, the Court reviews this aspect of the Report-Recommendation only for clear error.

Judge Hummel suggested that, if credited, Plaintiff's evidence "would establish that the use of force was an unnecessary tactic implemented not to restore or maintain order, but to maliciously assault an inmate for no apparent reason." Report-Rec. at 28. Because a malicious use of force would constitute an Eighth Amendment violation regardless of the severity of injuries actually sustained by Plaintiff as a result, the failure of the medical records to show that Plaintiff sustained more than *de minimis* injuries does not determine the issue. Judge Hummel therefore properly concluded that "[t]he competing evidence rests on the credibility of Perez on the one hand and [D]efendants on the other," and that Plaintiff, as the non-moving party, was entitled to have his version of events credited by the Court for purposes of Defendant's Motion for summary judgment. Report-Rec. at 28. Because there is no clear error in Judge Hummel's report on this claim, his recommendation is adopted over Defendants' objection.

### 2. *Medical-Indifference Claim*

Defendants further assert that Plaintiff's medical-indifference claim against Defendants Furnia and Tousignant is not supported by sufficient facts. Defendants argue that Plaintiff has not shown the existence of a serious medical need because there is no evidence that he "suffered from a condition capable of causing death, degeneration, or extreme pain on February 3, 2009." Defs.' Objs. This argument was also addressed by Judge Hummel, see Report-Rec. at 30, and therefore the Court reviews this aspect of the Report-Recommendation only for clear error.

As Judge Hummel observed, "a serious medical condition is determined by factors such as '(1) whether a reasonable doctor or patient would perceive the medical need in question as important

and worthy of comment or treatment, (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain.'" Id. at 29 (quoting Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (internal quotation marks omitted)). Judge Hummel then concluded that Plaintiff's medical records showed "a bruise on Perez's left side and neck, swelling on his neck, and pain in his neck and back," and if Plaintiff's testimony that he perceived his medical need as worthy of comment and requested medical attention was credited, a reasonable factfinder could determine that Plaintiff had a serious medical need. Because there is no clear error in Judge Hummel's report on this claim, his recommendation is adopted.

### B. Plaintiff's Objections

Plaintiff does not offer any new arguments or evidence in his Objections to the Report-Recommendation. Instead, he points to specific sections of his prior arguments to Judge Hummel and objects generally to all recommendations that summary judgment be granted for Defendants. See generally Pl.'s Objs. The Court has therefore reviewed the remainder of the Report-Recommendation only for clear error. Finding none, the remainder of Judge Hummel's recommendations are adopted.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 99) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: September 30, 2013
Albany, New York

Lawrence E. Kahn
U.S. District Judge